Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| DAVID JUNIOR RODRÍGUEZ DE LEÓN

Recurrente

v.

DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN

Recurrida | TA2026RA00141 | *Revisión* procedente del Departamento de Corrección y Rehabilitación

Caso Núm.: GMA1000-472-25

Sobre: Solicitud de Remedios Administrativos |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de abril de 2026.

Comparece David Junior Rodríguez De León (en adelante, recurrente) mediante un recurso de revisión para solicitarnos la revisión de la *Respuesta del área concernida*, emitida el 31 de julio de 2025, por el Departamento de Corrección y Rehabilitación (en adelante, DCR).[1] Mediante la respuesta recurrida, el DCR dispuso lo siguiente:

El confinado solicita una preventiva se le sometió al área de r[é]cord penal una solicitud de ent[r]evista indicando las fechas de preventiva que solicita el confinado. Por lo tanto[,] a la [*sic*] entrega de la solicitud al área de r[é]cord penal queda en manos de esa oficina.

Sobre dicha repuesta, el recurrente presentó una solicitud de reconsideración. Atendida la solicitud de reconsideración, mediante determinación intitulada *Respuesta de reconsideración al miembro de población correccional*, con fecha del 26 de septiembre de 2025 y

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice 3, Anejo 2. Puntualizamos que no consta de los autos en qué fecha le fue notificada al recurrente esta determinación.

notificada al recurrente el 14 de octubre de 2025, el DCR dispuso confirmar la respuesta de la evaluadora.[2]

Como cuestión de umbral, este foro intermedio debe auscultar su propia jurisdicción para entender en este caso. Ello, puesto a que las cuestiones relacionadas a la jurisdicción inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[3] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[4]

En nuestro ordenamiento jurídico, es norma harta que un tribunal carece de jurisdicción cuando se presenta un recurso tardíamente. Un recurso tardío es aquel que se presenta fuera del término establecido para acudir en revisión del dictamen.[5] Sobre este particular, es menester resaltar que desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente ante ese mismo foro o ante cualquier otro.[6]

Sabido es que una parte adversamente afectada por una resolución u orden final puede optar por solicitarle a la agencia que reconsidere su determinación, previo a acudir en revisión judicial.[7] Lo anterior, fue precisamente lo que ocurrió este caso. Siendo así, y tomado por cierto que la solicitud reconsideración fue presentada de manera oportuna,[8] la parte recurrente tenía treinta (30) días, desde la fecha de archivo en autos de la notificación de la *Respuesta de reconsideración al miembro de población correccional*, para presentar un recurso de revisión ante este Tribunal de Apelaciones.[9] Tomando

---

[2] SUMAC TA, a la Entrada Núm. 1, Apéndice 2.
[3] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).
[4] *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024).
[5] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).
[6] *Íd.*
[7] Sección 3.15 de la Ley Núm. 38-2017, 3 LPRA sec. 9655.
[8] Esta Curia no tiene forma de saber si la solicitud de reconsideración fue presentada de manera oportuna, ya que no surge de los autos en qué fecha se notificó la *Respuesta del área concernida*. Véase SUMAC TA, a la Entrada Núm. 1, Apéndice 3, pág. 2.
[9] *Íd.*

como cierta la fecha de notificación de la referida respuesta como la del **14 de octubre de 2025**,[10] el término para que el recurrente presentara su recurso de revisión judicial vencía el **jueves, 13 de noviembre de 2025**. Empero, la parte recurrente interpuso su solicitud de revisión judicial el **jueves, 26 de marzo de 2026**. Es decir, el recurso fue presentado luego de haber vencido el término. A tenor, el recurso fue presentado de manera tardía, de modo que no tenemos autoridad para acogerlo.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[11] este Tribunal tiene "la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...]". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de revisión judicial ante nos.

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Pese a que la *Respuesta de reconsideración al miembro de población correccional* indica que fue notificada el 14 de octubre de 2025, esta no cuenta con la firma del recurrente. Véase SUMAC TA, a la Entrada Núm. 1, Apéndice 2, pág. 2.
[11] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).